CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 7 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ALVIN O'BRINE WASHINGTON,     )
    Plaintiff,     )
         )
v.     )     Case No. 7:04-CV-00671
         )
STERLING PROFFIT, et al.,     )     By: Hon. Michael F. Urbanski
    Defendants.     )     United States Magistrate Judge

## REPORT AND RECOMMENDATION

Plaintiff Alvin O'Brine Washington, a Virginia inmate proceeding pro se, has filed a civil

rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.

Plaintiff alleges that he was assaulted by employees of the Central Virginia Regional Jail

(hereinafter, "the Jail") on two occasions in 2000 in violation of his Eighth Amendment rights

under the U.S. Constitution. This matter is before the court on defendants' motion to dismiss

(Docket No. 17 & 18). Defendants contend plaintiff has failed to exhaust his administrative

remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

Plaintiff claims he attempted to exhaust his administrative remedies but was unable to do so

because his efforts were thwarted by defendants' counsel. Thus, it is the recommendation of the

undersigned that defendants' motion to dismiss be denied.

I

Plaintiff alleges that on April 3, 2000, while he was incarcerated at the Jail, defendants

yelled racial epithets at him and beat him because he is African-American. In his complaint, he

alleges that he was "viciously attacked and beaten by an all-white group of jailors." (Compl.

¶ 7.) Following this attack, plaintiff contends that he was treated at Culpeper Memorial Hospital

on April 3, 2000 for injuries to his head, upper lip, and ear that he received in the attack.

Plaintiff describes a second attack occurring on April 3, 2000 by Captain Stacy Graham and two

unnamed employees of the Jail. Plaintiff indicates that he was taken to the hospital on April 4, 2000. On March 13, 2002, plaintiff filed a lawsuit in this court naming many of the currently-involved parties as defendants. On June 14, 2002, defendants filed a motion to dismiss the first lawsuit on a number of grounds including that plaintiff failed to exhaust his administrative remedies. Following an evidentiary hearing, the court concluded that plaintiff failed to establish by a preponderance of the evidence that he had exhausted his administrative remedies or that any defendant had hindered or prevented him from doing so within the period fixed by the Jail's procedures for filing a grievance. The Jail requires an inmate to request a grievance form within nine days from the date of the event he or she wishes to grieve. If the inmate is hospitalized, this nine-day period does not begin to run until the inmate returns to the Jail. On November 14, 2003, the court dismissed plaintiff's suit for failure to exhaust his administrative remedies.

Plaintiff appealed the court's decision to the Fourth Circuit Court of Appeals. In an unpublished opinion dated April 1, 2004, the Fourth Circuit held that the district court did not abuse its discretion when it dismissed the first lawsuit. However, the Fourth Circuit modified its dismissal to be without prejudice as it reasoned the plaintiff could "refile his action after exhaustion." Washington v. Cent. Reg'l Jail, 2004 U.S. App. LEXIS 6125 (4th Cir. Apr. 1, 2004).

In statements filed with the court, plaintiff has indicated that following the Fourth Circuit's decision, counsel for defendants told him to contact defendants only through her. See (Pl. Aff. ¶ 5.) Plaintiff indicates that he has written counsel for defendants and requested that she forward inmate grievance forms so that he may proceed with exhausting his administrative remedies. Id. Plaintiff indicates that defendants' counsel is "fully aware" of the Fourth Circuit Court of Appeals' Ruling regarding his first case, and that by not providing these forms, she is

2

intentionally preventing him from being able to sue her clients. Id. Defendants' motion does not

address the question whether plaintiff had additional avenues for exhaustion open to him other

than through counsel as he alleges.

## II

There are two issues present in this case. The first issue is whether either the Fourth

Circuit's opinion in plaintiff's first case, or the law more generally, obligates the Jail to allow

plaintiff an opportunity to exhaust his administrative remedies. The second issue is whether

plaintiff's contention that defendants' counsel's failure to provide him with inmate grievance

forms excuses his failure to exhaust administratively. Although there is no new obligation

running from the Fourth Circuit's opinion in plaintiff's first case, prison officials generally are

required to allow prisoners to exhaust even in instances where doing so would be futile. That

said, at this stage, plaintiff contends that defendants' counsel's failure to provide plaintiff with

grievance forms rendered administrative exhaustion "unavailable." As such, plaintiff argues that

his failure to exhaust does not necessitate the dismissal of his claim.

First, it is important to note that the Fourth Circuit's decision in plaintiff's first case was a

relatively standard per curiam decision issued in cases where pro se inmates have failed to

exhaust their administrative remedies. See Terry v. Veltri, 2004 U.S. App. LEXIS 3428 (4th Cir.

January 30, 2004) (reading almost exactly the same as the court's decision in Washington); Nagy

v. Ruffin, 2002 U.S. App. LEXIS 2270 (4th Cir. Feb. 11, 2002) (same); Hammond v. Wilmoth,

2001 U.S. App. LEXIS 14358 (4th Cir. June 15, 2001) (same); Austin v. United States, 2000

U.S. App. LEXIS 33831 (4th Cir. Dec. 12, 2000) (same). As such, the court does not appear to

be breaking new legal ground or to be carving out a special exception for plaintiff's particular

situation.

Case 7:04-cv-00671-SGW-mfu Document 22 Filed 05/18/05 Page 3 of 6 Pageid#: 222

Given this, the governing law as to administrative exhaustion applies. In the Fourth

Circuit, section 1997e(a) of the PLRA requires a prisoner to exhaust all available administrative

remedies prior to filing an action under § 1983. Prisoners must not just initiate grievances, they

must also appeal any denial of relief through all levels of administrative review that comprise the

administrative grievance process. See Booth v. Churner, 532 U.S. 731, 740 (2001); Langford v.

Couch, 50 F. Supp. 2d 544, 547 (E.D. Va. 1999). Where prison policies require inmates to file

grievances within a specified time period following an occurrence and inmates are unable to do

so because such a period has expired, they are still required to do so before filing suit under

§ 1983. See Lawrence v. Va. Dep't of Corr., 308 F. Supp. 2d 709, 718 (E.D. Va. 2004). When

plaintiff appeals these procedural denials to the point of exhaustion of his administrative

remedies, he may then file suit under § 1983 notwithstanding the fact that he failed to comply

with the prison's procedural requirements. Id.; Johnson v. True, 125 F. Supp. 2d 186, 189 (W.D.

Va. 2000) (suggesting that when a prisoner is time-barred from filing a grievance, he does not

have an administrative remedy available to him and § 1997e(a) does not require dismissal of his

claim); Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003) (holding that a state prison's

"decision not to grant relief in particular cases – whether for timeliness or for any other state

procedural requirement – does not strip the federal courts of their power to do so," under

§ 1997e); accord Oscar Meyer Co. v. Evans, 441 U.S. 750, 758-81 (1979) (holding that under the

Age Discrimination in Employment Act that failure to file administrative complaint within the

time limits prescribed by the state civil rights commission did not bar federal action).

When plaintiff filed his complaint, he enclosed a letter to the Clerk of Court and a

verified statement indicating that he had attempted, through defendants' counsel, to get the

paperwork necessary to exhaust his administrative remedies but had not been able to do so. See

4

Pl. Verified Statement at 1; (Oct. 31, 2004 Washington Letter). Although these materials are included in the current record of the case, defendants' motion to dismiss makes no effort to counter them in any way. Where defendants have thwarted the plaintiff's ability to exhaust their administrative remedies, the plaintiff is not required to do so. See, e.g., Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (holding that prisoner lacked an available administrative remedy for exhaustion purposes where the prisoner was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (finding allegations that prison officials failed to respond to written requests for grievance forms were sufficient to raise an inference that the prisoner had exhausted his "available" administrative remedies); Arnold v. Goetz, 245 F. Supp. 2d 527, 538-39 (S.D.N.Y. 2003) (finding a prisoner who was told that an inmate grievance process existed, but who was frustrated by officials in his attempts to learn how to use it, did not have recourse to an "available" administrative remedy); Davis v. Milwaukee Co., 225 F. Supp. 2d 967, 976 (E.D. Wis. 2002) (holding that when the record established that defendants interfered with the inmates' ability to exhaust in three ways such grievance procedure might have been "unavailable"). See also Newell v. Angelone, 2002 U.S. Dist. LEXIS 4150 (W.D. Va. Mar. 7, 2002) (Wilson, C.J.) (treating exhaustion and inability to exhaust as the same thing), aff'd, 2003 U.S. App. LEXIS 18125 (4th Cir. Sept. 2, 2003).

Prisoners must make some affirmative effort to comply with the administrative procedures prior to claiming it has become unavailable because of frustration of the requirement by prison officials. See Brock v. Kenton Cty., 2004 U.S. App. LEXIS 5984 (6th Cir. Mar. 23, 2004). Here, plaintiff claims he has done so, to which defendants have not responded. Because plaintiff alleges that his efforts to exhaust have been thwarted by defense counsel, it is

5

**RECOMMENDED** that defendants' motion to dismiss be denied at this time. Given the relative burdens at the pleading stage, this issue is more appropriately considered on summary judgment.

## III

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to filed specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to plaintiff and counsel of record.

**ENTER:** This _17_ day of April, 2005.

Michael F. Urbanski
United States Magistrate Judge

6