IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ALVIN O'BRINE WASHINGTON )
    Plaintiff )
)
v. ) Civil Action No. 7:04-CV-00671
)
)
STERLING PROFFIT, et al., ) By: Hon. Michael Urbanski
    Defendants, ) United States Magistrate Judge

## REPORT AND RECOMMENDATION

Plaintiff Alvin O'Brine Washington, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C § 1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff alleges that he was assaulted by employees of the Central Virginia Regional Jail (hereinafter, "the Jail") on April 3, 2000, in violation of the Eighth Amendment. Upon review of the record, the undersigned finds that Washington's claims are untimely and thus recommends that his complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

I

Plaintiff alleges that on two separate occasions on April 3, 2000, while he was incarcerated at the Jail, defendants yelled racial epithets at him and beat him because he is African-American. Following the first attack, plaintiff contends that he was treated at Culpeper Memorial Hospital for injuries to his head, upper lip, and ear that he received in that attack and was released. On his return to the jail, Washington was attacked a second time and on April 4, 2000, was taken to the University of Virginia Hospital for injuries incurred during the second assault. Thereafter, he was transferred to the Riverside Forensic Hospital and was released on or about April 19, 2000.

1

On March 13, 2002, plaintiff filed a lawsuit in this court raising his claim of excessive force regarding the April 3, 2000 incident and naming many of the currently involved parties as defendants. Defendants filed a motion to dismiss the suit on a number of grounds including that the plaintiff failed to exhaust his administrative remedies. After an evidentiary hearing, the court concluded that the plaintiff failed to exhaust available administrative remedies and that the defendants had not hindered nor prevented him from exhausting those remedies and, on November 14, 2003, dismissed plaintiff's suit for failure to exhaust.

Washington appealed the court's decision and in an unpublished opinion dated April 1, 2004, the Fourth Circuit held that the district court did not abuse its discretion when it dismissed the first lawsuit. However, the Fourth Circuit modified the dismissal to be without prejudice reasoning that the plaintiff could "refile his action after exhaustion." Washington v. Cent. Reg'l Jail, 2004 U.S. App. LEXIS 6125 (4th Cir. Apr. 1, 2004). After attempting to exhaust his administrative remedies, on October 31, 2004, Washington filed the instant complaint raising the same allegations of excessive force related to the April 3, 2000 incident.

## II.

No federal statute of limitations applies in §1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). As Virginia has a two-year statute of limitations for general, personal injury claims, a plaintiff bringing a civil rights action under §1983 in Virginia must do so within two years from the time when his action accrues. Va. Code Ann. §8.01-243(a).

However, the time of accrual of a cause of action under §1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under §1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's §1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991). In Virginia §1983 cases, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Washington alleges both assaults occurred on April 3, 2000, and that as a result of the second assault he was hospitalized until approximately April 19, 2000. Assuming that Washington knew of his alleged injuries by, at the latest, his release from the hospital on April 19, 2000, the two year statutory period began to run on the same day. Accordingly, absent tolling, Washington had two years, 730 days, from that date in which to file his §1983 action.

Washington filed his first complaint regarding the April 3, 2000 incidents on March 13, 2002, thus 693 days had elapsed from the date of accrual of the cause of action. Assuming the statutory period was tolled while his complaint regarding the incident was pending, the statutory period resumed on April 1, 2004, when the Fourth Circuit issued its opinion affirming the district court's dismissal of Washington's complaint, but modifying that dismissal to be without prejudice. Accordingly, Washington only had 37 days in which to attempt to exhaust his

administrative remedies and refile his complaint. However, Washington did not file the instant complaint until October 31, 2004, more than 175 days after the statutory period ended. Accordingly, Washington's complaint is clearly untimely.

## IV

Under 28 U.S.C. § 1915A(b)(1), the court may dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. Because Washington's complaint alleges violations of his civil rights that occurred over two years ago, he does not state a claim on which relief can be granted. Therefore, the undersigned recommends that Washington's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undesigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

Entered this 1ST day of December, 2005.

Michael F. Urbanski
United States Magistrate Judge

4